**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JORGE LOPEZ and IVELISSE SEVERANCE,**

           **Plaintiffs,**

-vs-                                                 **Case No. 6:07-cv-735-Orl-31KRS**

**SECRETARY, DEPARTMENT OF HOMELAND SECURITY, DIRECTOR CITIZENSHIP & IMMIGRATION SERVICES, LINDA SWACINA, SUSAN DUGAS and U.S. ATTORNEY GENERAL,**

           **Defendants.**

## ORDER

Plaintiff Jorge Lopez, an Argentinian citizen, is the beneficiary of a Form I-130 alien relative visa petition filed by his United States citizen spouse on December 11, 2002, and approved by the United States Bureau of Citizenship and Immigration Services ("USCIS") on September 4, 2007. Also on December 11, 2002, Lopez filed a Form I-485 application to adjust his status to a lawful permanent resident. On March 10, 2003, USCIS requested that the Federal Bureau of Investigation ("FBI") conduct fingerprint and name checks. USCIS then interviewed Lopez on February 1, 2006. The FBI has completed Lopez's fingerprint check, however his name check is still pending.

On May 1, 2007, Lopez filed this mandamus action, which seeks, pursuant to the Administrative Procedure Act (APA), the Mandamus Act, and the Declaratory Judgment Act (DJA), to compel Defendants to adjudicate his application for adjustment of status. Defendants

filed a motion to dismiss alleging that this Court lacked jurisdiction to compel it to adjudicate such applications. This Court denied that motion on September 17, 2007 and scheduled an evidentiary hearing for October 25, 2007 to determine the reasonableness of the delay. (Doc. 17).

At the evidentiary hearing, Defendants presented a single live witness, Ms. Keri Yager, the Orlando District Adjudications Officer for the USCIS. Ms. Yager's testimony established that the USCIS has diligently completed all that is required of it with regard to Lopez's application. In fact, Ms. Yager testified that if the FBI name check were completed, Lopez's application could be adjudicated the same day by the USCIS. Ms. Yager also testified that name checks typically come back from the FBI within 1 to 2 months[1], and she had no information as to why Lopez's name check was taking so long. Therefore, the burden on Defendants was to demonstrate the reasonableness of the almost five-year delay in processing Lopez's name check.

To meet this burden, the Defendants merely presented an affidavit signed by Michael Cannon[2], the Section Chief of the National Name Check Program Section at the Headquarters of the FBI. (Doc. 19). This affidavit is simply a boiler plate affidavit, strikingly similar to the one filed by the Government in *Yong Tang v. Chertoff*, 1:07-cv-1231-NG (D. Mass. 2007) (Doc. 15), which recites the name check process and laments the hardships faced by the FBI in processing a large number of name checks with limited resources. The affidavit contains virtually no

---

[1]Ms. Yager also testified that the USCIS can request that a name check be expedited for various reasons and, in her experience, an expedited name check takes about six weeks. The USCIS has never requested that Lopez's name check be expedited.

[2]This affidavit was not even notarized, and would ordinarily be inadmissible hearsay. However, the Court read the affidavit and, finding it completely irrelevant to the hearing and therefore not prejudicial to Plaintiffs, allowed it to be added to the record.

information regarding Lopez's application. Instead, it merely establishes the fact that, due to a lack of resources, the time it takes to run a name check is indeterminate and the FBI has no idea what the status of Lopez's name check is, or when it may be completed.

This Court finds it absurd that the Defendants are unable to determine the status of Lopez's name check.[3] Even more ridiculous is the Defendants' argument that ordering the expedition of Lopez's name check will be unfair to other applicants who have not yet filed suit in federal court. The fact that the FBI is unreasonably delaying a number of other name checks has no bearing on this particular case. Defendants have presented absolutely no evidence to explain why it has taken almost 5 years – and may in fact take another five years or more –  to run a name check that typically takes 2 months. This Court, therefore, finds the delay to be clearly unreasonable. Accordingly, it is

**ORDERED** that

1.	Plaintiffs' application for writ of mandamus is **GRANTED**;

2.	The USCIS shall make a request to the FBI that it expedite Mr. Lopez's name check no later than November 2, 2007; and

3.	Defendants shall file a status report with this Court on or before December 3, 2007, which will state whether Mr. Lopez's name check has been completed and, if it has not: (1) why it has not, and (2) when it will be.

---

[3] Unbelievably, Ms. Yager testified that, as far as she knows, nobody in the USCIS office in Orlando even has the ability to contact the FBI and inquire as to the status of a particular name check.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 25, 2007.

                                                                        GREGORY A. PRESNELL
                                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party